```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| PEDRO NARVAEZ,<br>                Petitioner,<br><br>        -against-<br><br>UNITED STATES OF AMERICA,<br>                Respondent. | 20 Civ. 7882 (LAP)<br>95 Cr. 941 (LAP)<br>OPINION & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Petitioner Pedro Narvaez's ("Petitioner") motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence and conviction.[1]  Petitioner argues that, in light of the Supreme Court's holding in United States v. Davis, 139 S. Ct. 2319 (2019), his convictions under 18 U.S.C. § 924(c) should be vacated. The Government opposes the motion.[2] For the reasons set forth below, Petitioner's § 2255 motion is DENIED.

---

[1] (See Mem. of Law in Support of Pedro Narvaez's Petition Pursuant to Title 28 U.S.C. § 2255 ("Pet. Mot."), dated January 29, 2021 [dkt. no. 458]. Unless otherwise specified, all citations to docket entries herein refer to 95-cr-941.)

[2] (See Mem. of Law of the United States of America in Opp. to Pet. Mot. under 28 U.S.C. § 2255 ("Gov't. Opp."), dated Mar. 12, 2021 [dkt. no. 463, dkt. no. 9 in 20-cv-7882].)

1

I. **Background**

   a. **The Indictment**

On November 12, 1996, a grand jury returned the Superseding Indictment,[3] charging Petitioner with various racketeering, narcotics, and firearms offenses arising from his participation in the "Nasty Boys" racketeering enterprise. Count 1 of the Indictment charged Petitioner with participating in the conduct of the affairs of the racketeering enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). (See Indictment at 4.) Count 1 detailed fifteen racketeering acts, including eleven murders, numerous conspiracies to murder and attempted murders, and conspiracy to distribute narcotics, including heroin and crack cocaine. (See id. at 5-17.) Count 2 charged Petitioner with conspiring to conduct and participate in the affairs of the same racketeering enterprise, in violation of 18 U.S.C. § 1962(d). (See id. at 17.) Counts 7 through 12 (see id. at 21-26), 17 through 20 (id. at 29-32), 28 and 29 (id. at 38-39) charged Petitioner with violent crimes in aid of racketeering ("VICAR") in violation of 18 U.S.C. § 1959. Count 30 charged Petitioner with conspiring to distribute heroin and crack cocaine in violation of 21 U.S.C. §§ 812 and 841. (See id. at

---

[3] (See Superseding Indictment (the "Indictment"), dated November 12, 1996 [dkt. no. 141].)

2

39-42.) Lastly, counts 33 and 34 (See id. at 43-44), 37 (id. at 45-46), 42 and 43 (id. at 48-49) charged Petitioner with firearms offenses in violation of 18 U.S.C. § 924(c).

### b. Trial and Post-Trial Proceedings

Trial before Judge Leisure commenced on November 4, 1996, and ended on April 10, 1997, when the jury convicted Petitioner of all counts in which he was named. After trial, Petitioner moved pursuant to Rules 29, 33, and 34 of the Federal Rules of Criminal Procedure to dismiss all charges against him for insufficiency of evidence, to grant a new trial based on claims of government misconduct and ineffective assistance, and to enter an arrested judgment on grounds that the Court lacked jurisdiction and state court would provide a more appropriate forum.[4] The Court denied Petitioner's motion. See United States v. Muyet, 994 F. Supp. 501, 505 (S.D.N.Y. 1998).

On September 22, 1998, Judge Leisure sentenced Petitioner to life imprisonment, on each of counts 1 (RICO), 2 (RICO conspiracy), 8, 9, 10, 19, 20, 29 (murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and 2), and 30 (narcotics conspiracy), to run concurrently with each other. Judge Leisure also sentenced Petitioner to 10-year terms of imprisonment on each of counts 7, 11, 12, 17, 18, and 28

---

[4] (See Motion, dated August 13, 1997 [dkt. no. 208]; Memorandum Opinion #80148, dated February 20, 1998 [dkt. no. 243]).

3

(conspiracy to commit murder or assault resulting in serious bodily injury, or attempted murder or assault resulting in serious bodily injury, in aid of racketeering), to run concurrently with the term of life imprisonment.[5] Finally, Judge Leisure sentenced Petitioner to a Mandatory Consecutive term of 85 years, consisting of 5 years on count 33, and 20 years on each of counts 34, 37, 42, and 43, followed by five years' supervised release. (See id.)

### c. The Defendant's Appeal

On October 1, 1998, Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit.[6] On direct appeal, Petitioner argued: (1) that the Court erroneously gave the jury an instruction which suggested a preponderance of evidence standard rather than the requisite reasonable doubt standard; (2) that the Court abused its discretion by empaneling an anonymous jury; (3) that the admission of a former co-defendant's guilty plea into evidence resulted in unfair prejudice against Petitioner; and (4) that his trial counsel provided ineffective assistance. (See id.); see also United States v. Muyet, 2000 WL 1275925, at *1–3 (2d Cir. Sept 8, 2000). The Court of Appeals affirmed Petitioner's

---

[5] (See Judgment in a Criminal Case ("Judgment"), dated September 22, 1998 [dkt. no. 273].)
[6] (See Notice of Appeal ("Appeal"), dated October 1, 1998 [dkt. no. 278].)

4

conviction on September 8, 2000 (see id. at *1), and the United States Supreme Court denied his petition for a writ of certiorari on March 5, 2001 (see Narvaez v. United States, 532 U.S. 913 (2001)).

### d. Petitioner's First Section 2255 Motion

On March 22, 2002, the defendant filed a motion to vacate pro se pursuant to 28 U.S.C. § 2255.[7] Petitioner argued that: (1) the Court lacked subject matter jurisdiction over Counts 1, 2, 7, 8, 9, 10, 12, 17, 18, 19, 20, 28, 29, and 30; (2) Petitioner lacked notice of the charged offense as a result of the indictment's omission of "willful" as an essential element of criminal conspiracy; (3) Petitioner's appellate counsel provided ineffective assistance; and (4) the jury charge constructively amended the indictment when it charged "willful" participation as an element of conspiracy. (See id.) On August 16, 2002, Petitioner filed a motion to amend his petition, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to add the claim that the Court erred in its calculation of his sentence and therefore should vacate and remand for re-

---

[7] (See Motion to Vacate Under 28 U.S.C. § 2255, dated March 22, 2002 [dkt. no. 315]; see also Narvaez v. United States, No. 95 CR 941 (PKL), 2003 WL 21749638 (S.D.N.Y. July 29, 2003))

5

sentencing.[8] Judge Leisure denied the defendant's 2255 motion on July 29, 2003.[9]

### e. The Instant Motion

Before the Court is Petitioner's second habeas claim, brought on September 21, 2020, pursuant to 28 U.S.C. § 2255. Petitioner seeks to vacate his sentence, arguing that his Section 924(c) convictions are unconstitutional under the Supreme Court's holding in United States v. Davis, 139 S. Ct. 2319 (2019). On January 29, 2021, counsel for Petitioner, who had entered a notice of appearance on October 21, 2020, filed a Memorandum of Law in Support of the Petition, seeking to vacate Petitioner's convictions pursuant to 28 U.S.C. § 2255(a).[10]

## II. Legal Standard

### a. Motion to Vacate

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the grounds, inter alia, that the

---

[8] (See Movant's Motion & Notice to Amend the Pleadings, dated August 22, 2002 [dkt. no. 331]; Narvaez, 2003 WL 21749638 at *2.)
[9] (See Opinion and Order #88816, dated July 29, 2003 [dkt. no. 342]. See also Narvaez, 2003 WL 21749638 at *10.)
[10] (See Pet. Mot. Petitioner's counsel relied "exclusively on the counseled memorandum of law and reply briefs filed on behalf of Jose Muyet, [Petitioner]'s co-defendant, who is identically situated and raised identical issues in his 28 U.S.C. § 2255 petition." Id. at 2. Petitioner's counsel attached Mr. Muyet's memorandum of law and reply memorandum of law to Petitioner's memorandum of law as Exhibits G and H.)

6

"sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255, is only available for "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (citations omitted).

### b. Concurrent Sentence Doctrine

The concurrent sentence doctrine is available in the context of a § 2255 challenge. Kassir v. United States, 3 F.4th 556, 561 (2d Cir. 2021). The concurrent sentence doctrine "'allows courts, in their discretion, to avoid reaching the merits of a claim altogether in the presence of identical concurrent sentences' since 'a ruling in the defendant's favor would not reduce the time he is required to serve or otherwise prejudice him in any way." Id. (citations omitted).

In Kassir, while the Court of Appeals rejected the Government's argument that § 2255 relief is never cognizable when the petitioner is serving multiple life sentences, it held "absent a showing of prejudice with respect to custody, a court proceeding under § 2255 retains discretion to decline to consider such a challenge." Id. at 567. The court, therefore, using its discretion, refused to reach the merits of

7

petitioner's claim, as the petitioner would be serving two unchallenged life sentences regardless and as such "[n]o matter the success of his argument" the court could not "shorten the time he will remain in prison". Id. at 564, 567. See also United States v. Rodriguez, No. 05-CR-960 (JPO), 2022 WL 158685, at *2 (S.D.N.Y. Jan. 18, 2022) (applying the reasoning of Kassir when declining to hear a § 2255 claim).

### c. Section 924(c)

Section 924(c) makes it a crime to possess a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(a)(A) (2020). The statute provides two definitions for what constitutes a "crime of violence". The first definition is known as the "force clause" (or "elements clause"),[11] which defines a crime of violence as a felony which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. at § 924(c)(3)(A). The second definition known as the "risk of force clause" (or the "residual clause"),[12] defines a crime of violence as a felony that, "by its nature, involves a substantial risk that physical force against the

---

[11] See United States v. Hill, 890 F.3d 51, 54 (2d Cir. 2018) (referring to § 924(c)(3)(A) as the "force clause").
[12] See id. (referring to § 924(c)(3)(B) as the "risk-of-force clause").

8

person or property of another may be used in the course of committing the offense." Id. at § 924(c)(3)(B).

Following United States v. Davis, 139 S. Ct. 2319 (2019), the residual clause is no longer constitutional, as it is unconstitutionally vague. In United States v. Barrett, 937 F.3d 126, 129 (2d Cir. 2019), the Court of Appeals following Davis held "a conspiracy to commit a violent felony . . . could not alone support a conviction under the remaining [still valid] 'elements clause' of § 924(c)(3)." United States v. Heyward, 3 F.4th 75, 81 (2d Cir. 2021).

While conspiracy to commit murder is no longer a crime of violence and as such is not a valid predicate for a 924(c) conviction, "[i]t is well established that murder remains a crime of violence under § 924(c) post-Davis." United States v. Batista, No. 00 CRIM. 1181 (GBD), 2022 WL 5187458, at *2 (S.D.N.Y. Oct. 5, 2022); Stone v. United States, 37 F.4th 825, 832 (2d Cir. 2022), cert. denied, No. 22-5637, 2022 WL 16542129 (U.S. Oct. 31, 2022) ("This Court, sitting en banc in United States v. Scott, rejected this very argument.").

### d. 924(c) Conviction Based on One Valid Predicate and One Invalid Predicate

As a result of Davis and Barrett a subsequent issue arose: whether a defendant is prejudiced when his or her § 924(c) conviction could be predicated on either or both of two crimes,

9

with jury instructions not specifying which, but only one remains a constitutionally valid predicate.

The Court of Appeals' recent decision in Stone guides this analysis. See e.g., United States v. White, No. 17 CR. 611-1 (AT), 2022 WL 16962271, at *2 (S.D.N.Y. Nov. 16, 2022); Demartino v. United States, No. 20-1758, 2022 WL 2445435, at *2 (2d Cir. July 6, 2022). Under Stone:

> in the context of a § 924(c) conviction, where a jury's finding of guilt is based on two predicates, only one of which can lawfully sustain guilt, [the Court] will find the error harmless when the jury would have found the essential elements of guilt on the alternative charged predicate that would sustain a lawful conviction beyond a reasonable doubt.

Stone, 37 F.4th at 831 (citation and quotation markets omitted).

The petitioner in Stone had been charged with three offenses: (1) conspiracy to commit second degree murder in aid of racketeering, (2) second degree murder in aid of racketeering, and (3) a § 924(c) charge predicated on either or both of the prior counts. See id. at 826. Rejecting petitioner's argument that it should apply the categorical approach, the court instead reviewed the whole record and asked whether a rational jury, absent the error, would have arrived at the same verdict. See id. at 831; see also Demartino, 2022 WL 2445435, at *2. Looking at the whole record, the Stone court found "the error of instructing the jury on the now-invalid predicate was harmless to Stone because the jury found facts 'satisfying the

10

essential elements of guilt' on the valid predicate of substantive murder in aid of racketeering 'that would [have] sustain[ed] a lawful conviction' on the firearm offense." Stone, 37 F.4th at 832 (quoting United States v. Laurent, 33 F.4th 63, 86 (2d Cir. 2022).

### III. Discussion

Petitioner argues his § 924(c) convictions are unconstitutional following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), because the conspiracy predicates are no longer constitutionally valid.[13] The Government does not dispute that conspiracy to commit murder is no longer a valid predicate for a § 924(c) conviction.[14] Instead, the Government argues: (1) Petitioner's claim is not cognizable under § 2255 as he is not claiming the right to be released given his unchallenged life sentences, and (2) Petitioner's § 924(c) convictions are based on several predicate offenses, including murder and attempted murder, which remain valid.[15]

#### a. Cognizability Under Section 2255

Under the Court of Appeals' precedent, a petitioner may be able to raise a constitutional attack on his § 924(c) convictions, even though leaving a concurrent conviction

---

[13] (Pet. Mot. at 16, 20.)
[14] (Gov't. Opp. at 6.)
[15] (Id. at 10-11.)

unchallenged would mean that he is "not, technically speaking, 'claiming the right to be released.'" See Grimes v. United States, 607 F.2d 6, 8-9 (2d Cir. 1979). Indeed, "the fact that [a petitioner] will not be released from prison should he prevail on this motion does not preclude him from invoking § 2255." Id. at 9. Nevertheless, this Court retains discretion on collateral review under § 2255 to avoid reaching the merits of a claim in the presence of identical concurrent sentences. See Kassir, 3 F.4th at 567. This is because "[w]ith custody being at the center of the collateral proceeding, the prejudice required to obtain relief must ultimately relate to the challenged custody." Id. at 566; see also Rodriguez, 2022 WL 158685 at *2.

As in Kassir, applying the United States v. Vargas factors would suggest no meaningful possibility that Petitioner's challenged but unreviewed convictions will expose him to substantial risk of adverse collateral consequences. 615 F.2d 952, 959-60 (2d Cir. 1980) (on direct appeal from a conviction, outlining a five-factor test for deciding whether to apply the concurrent sentence doctrine). First, parole is inapplicable in the federal system. Because he holds a life sentence, it is also highly unlikely that: Petitioner might face the prospect of an increased sentence under a recidivist statute for a future offense; that the challenged convictions will ever be used to

impeach his character at a trial; or that his pardon chances would increase from vacation of these convictions. Moreover, any societal stigma from his gun convictions would be relatively small compared to the stigma from his murder convictions. Accordingly, because even a successful challenge on the merits would afford Petitioner no reasonable prospect of a shorter time in custody, this Court exercises its discretion not to reach the merits of Petitioner's claim under 28 U.S.C. § 2255.

      b. **Section 924(c) Conviction Predicated on Either Conspiracy to Murder or Substantive Murder or Both**

Even if this Court were to address the merits of Petitioner's petition - whether a conviction resting on the use of a gun in relation to multiple predicate offenses may stand when one of the predicates is later found to be constitutionally invalid - the trial record and verdict would almost certainly be sufficient to find that Petitioner's gun convictions were based on the valid predicates. As to "whether a habeas petitioner was actually prejudiced or the error was harmless, a reviewing court finding such [instructional] error should ask whether the flaw in the instructions had substantial and injurious effect or influence in determining the jury's verdict." Stone, 37 F.4th at 829 (quotation marks and citation omitted). "The usual methodology of determining whether the harmlessness of a constitutional trial error is established with the requisite

degree of certainty is to examine the record as a whole to determine if a rational jury, absent the error, would have arrived at the same verdict...." Peck v. United States, 106 F.3d 450, 455 (2d Cir. 1997).

With regard to Petitioner's § 924(c) convictions, Count 43 rested on conspiracy to distribute and possess with intent to distribute narcotics, which remains a valid predicate. (See Indictment at 48-49; Heyward, 3 F.4th at 82.) Counts 33, 34, 37, and 42, however, rested on predicates of conspiracy to commit murder, attempted murder, and murder. (See Indictment at 43-48.) Petitioner has failed to establish that the jury instructions caused actual prejudice, such that the jury more likely than not exclusively relied on the invalid predicates for the 924(c) convictions. Rather, the evidence adduced at trial proved beyond a reasonable doubt that Petitioner was guilty of the charged murders and attempted murders, which not only plausibly, but very likely would have been the basis for a reasonable jury to conclude that Petitioner used a firearm in connection with those valid predicates. See United States v. Zvi, 168 F.3d 49, 55 (2d Cir. 1999). Petitioner has failed to show the jury likely convicted on Counts 33, 34, 37, and 41 for use of a firearm in relation to the conspiracy offenses, rather than in relation to the murders and attempted murders themselves. These substantive offenses are sufficient predicates to uphold a conviction post-

Davis, even when conspiracy was also a predicate offense. See United States v. Walker, 789 F. App'x 241 (2d Cir. 2019); United States v. Rivera, 679 F. App'x 51 (2d Cir. 2017).

### IV. Appealability

Petitioner also seeks a certificate of appealability ("COA").[16]

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the Court of Appeals' precedent in Kassir and Stone is quite clear, directly on point, and has been applied similarly by other district judges. Thus, jurists of reason should not find it debatable whether the petition states a valid claim or whether the Court is correct in its procedural ruling. Accordingly, Petitioner's motion for a COA is denied.

### V. Conclusion

For the reasons set out above, Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 436) is DENIED. Petitioner's motion for a certificate of appealability is also DENIED.

---

[16] (Pet. Mot. at 59.)

The Clerk of the Court is directed to close the open motions (dkt. no. 436 in 95-cr-941; dkt. no. 1 in 20-cv-7882) and close case number 20-cv-7882. The Clerk of the Court is further directed to mail a copy of this order to Mr. Narvaez.

**SO ORDERED.**

Dated:   New York, New York
         January 20, 2023

*Loretta A. Preska*
LORETTA A. PRESKA
  Senior United States District Judge